#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ANITA JEAN HAYES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. CIV-10-1014-RO |
| ) | |
| **MICHAEL J. ASTRUE,** Commissioner ) | |
| of the Social Security Administration**,** ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM OPINION AND ORDER

Anita Hayes ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405 (g) seeking judicial review of the Defendant Commissioner's final decision denying Plaintiff's applications for disability benefits and supplemental security income payments under the Social Security Act, 42 U.S.C. § 423.  Both parties to the proceeding have consented to the exercise of jurisdiction by a United States Magistrate Judge to order the entry of judgment [Tr. 12].  Upon review of the pleadings, the record ("Tr."), and the parties' briefs, it is the opinion of this court that the Commissioner's decision must be reversed and remanded for further proceedings pursuant to 42 U.S.C. § 405(g).

**Administrative Proceedings**

Plaintiff initiated these proceedings by filing her applications seeking disability benefits and supplemental security income payments in September, 2008 [Tr. 128 - 130 and 133 - 135].  She alleged that injuries to her back, neck, and shoulders, fibromyalgia, depression, anxiety, headaches, dizziness, and blurred vision have resulted in pain, in the

inability to concentrate, lift, turn her neck, and ride in the car, in memory problems, in sitting for more than ten minutes, and in standing or walking for extended periods, all of which became disabling as of January 24, 2008 [Tr. 150]. Plaintiff's claims were denied and, at her request, an Administrative Law Judge ("ALJ") conducted a January, 2010 hearing where Plaintiff, who appeared with a representative, and a vocational expert testified [Tr. 31 - 64 and 82 - 83]. In his February, 2010 decision, the ALJ found that while Plaintiff was unable to perform her past relevant work, she retained the capacity to perform other work available in the national economy and, accordingly, was not disabled within the meaning of the Social Security Act [Tr. 11 - 26]. The Appeals Council of the Social Security Administration declined Plaintiff's request for review [Tr. 4 - 7], and Plaintiff subsequently sought review of the Commissioner's final decision in this court.

**Standard of Review**

This court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citations and quotations omitted). Nonetheless, while this court can neither reweigh the evidence nor substitute its own judgment for that of the ALJ, the court's review is not superficial. "To find that the [Commissioner's] decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." *Bernal v. Bowen,* 851 F.2d 297, 299 (10th Cir. 1988) (citation omitted). "A decision is not based on

substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* at 299.

**Determination of Disability**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.§§423(d)(1)(A).  The Commissioner applies a five-step inquiry to determine whether a claimant is disabled.  *See* 20 C.F.R. §§404.1520(b)-(f), 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-752 (10th Cir. 1988) (describing five steps in detail).  Under this sequential procedure, Plaintiff bears the initial burden of proving that she has one or more severe impairments. 20 C.F.R. §§ 404.1512, 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). Then, if Plaintiff makes a prima facie showing that she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show that Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy.  *Turner*, 754 F.2d at 328; *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984).

**Plaintiff's Claims of Error**

While Plaintiff presents multiple claims of error on judicial review, remand is recommended for the reason that the ALJ committed legal error in his consideration of the mental limitations assessed by the consultative examining psychologist, Cornelius Cuza,

Ph.D., M.S. Accordingly, the remaining claims will not be addressed. *See Watkins v. Barnhart,* 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

**Analysis**

As the ALJ explained, "[d]ue to the dearth of psychiatric records, the claimant underwent a consultative evaluation with Cornelius Cuza, Ph.D. on January 6, 2009 in connection with the Social Security Administration's evaluation of the claimant's alleged disability due to mental impairments."[1] [Tr. 19]. The ALJ noted that Dr. Cuza diagnosed major depressive disorder, single episode, moderate [Tr. 20 and 272]. Later in his decision, the ALJ discussed Dr. Cuza's medical source statement:

> The undersigned has considered the opinion of consultative evaluator, Cornelius Cuza, Ph.D., M.S. rendered on January 6, 2009 (Exhibit B3F). According to Cornelius Cuza, Ph.D. the claimant has no impairment with respect to performing simple, repetitive tasks. She has mild impairments with respect to performing a detailed, multi-step task, she has a mild impairment with respect to the ability to work on a consistent basis and *a moderate impairment with respect to the ability to complete workday activities without interruptions.* He found no evidence of a repeated history of episodes of behavioral deterioration in a work-like setting. He opined that she can work without supervision and has no impairment with respect to her ability to respond appropriately to employment demands such as attendance and safety. She has mild limitations in maintaining co-worker and public relations, *moderate limitations with respect to tolerating work stresses and coping with work changes*; and she can comprehend and execute instructions independently. *The undersigned gives this evaluation significant weight.* The evaluation performed by Dr. Cuza conforms to the presentation made by the

---

[1] Unless otherwise indicated, quotations in this report are reproduced verbatim.

claimant at the examination performed by Dr. Schweller and conforms generally with the other mental health evidence (and lack thereof) in this record.

[Tr. 23 - 24, emphasis added].

Plaintiff contends that despite according significant weight to Dr. Cuza's specific limitations, the ALJ neither found at step two of the sequential process that Plaintiff was severely impaired as a result of a mental condition[2] nor did he include mental limitations in Plaintiff's residual functional capacity ("RFC") [Doc. No. 22, pp. 18 - 19].[3] Additionally, Plaintiff argues that the ALJ failed to explain his rationale for excluding such limitations from Plaintiff's RFC. *Id.* at 19.  Finally, it is Plaintiff's claim that the ALJ's error was not harmless.[4] *Id.*

The ALJ specifically found at step two that "[t]he claimant's medically determinable mental impairments of Depression and PTSD, considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore nonsevere." [Tr. 14].  With regard to such a nonsevere impairment, the Social Security Administration has made clear that "[i]n assessing RFC, the

---

[2]While Plaintiff makes note of the fact that "the ALJ declined to find that [Plaintiff] suffered from a 'severe' mental impairment at step two," [Doc. No. 22, p. 18], this is not the focus of her claim on appeal.  In any event, any such claim would have been unavailing for the reason that the ALJ found severe physical impairments at step two and continued with the sequential evaluation. *See Oldham v. Astrue,* 509 F.3d 1254, 1256 (10th Cir. 2007).

[3]Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

[4]In response, the Commissioner does not seek to apply the harmless error doctrine and, accordingly, it is not addressed [Doc. No. 23, pp. 4 - 6].

adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *5. After making the nonseverity determination, the ALJ affirmatively stated that he gave "significant weight" to Dr. Cuza's opinion that Plaintiff has "a moderate impairment with respect to the ability to complete workday activities without interruptions" as well as "*moderate limitations with respect to* tolerating work stress and *coping with work changes*." [Tr. 23, emphasis added]. This is of significance because according to the same ruling by the Social Security Administration,"[w]ork-related mental activities generally required by competitive, remunerative work include the abilities to: understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; *and deal with changes in a routine work setting*." SSR 96-8p, 1996 WL 374184, at *6 (emphasis added). Nonetheless, despite giving significant weight to Dr. Cuza's determination that Plaintiff had a moderate limitation in what the Social Security Administration has termed a "[w]ork-related mental activit[y] generally required by competitive, remunerative work[,]" *id.* at 6, the ALJ did not include this limitation either in his assessment of Plaintiff's RFC or in his hypothetical questions to the vocational expert at step five of the sequential analysis [Tr. 60 - 61]. Neither did the ALJ "explain why [Dr. Cuza's] opinion was not adopted." SSR 96-8p, 1996 WL 374184, at *7 ("The RFC assessment must always consider and address medical source opinions [and i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

In response to Plaintiff's argument that these failures constitute error as a matter of law [Doc. No. 22, pp. 18 - 19], the Commissioner makes no attempt to defend the claimed error at step five but, instead, makes a step two argument that "the evidence overall does not show Plaintiff has a 'severe' mental impairment as that term is define in the regulations." [Doc. No. 23, p. 5]. As previously explained, however, once the ALJ proceeds past step two of the sequential analysis, the issue becomes whether the ALJ properly considered Plaintiff's limitations in assessing her RFC. *See Oldham,* 509 F.3d at 1256. The ALJ did not do so in this matter and likewise failed to provide a reviewable explanation of why an accepted functional limitation – a moderate difficulty in dealing with work changes – was not included. Such failure by the ALJ constitutes reversible error. *See Grotendorst v. Astrue,* 370 Fed. Appx. 879, 883-84 (10th Cir. 2010).

**Conclusion**

The decision of the Commissioner is reversed and remanded for further proceedings consistent with this opinion. Judgment will be entered accordingly.

IT IS SO ORDERED this 27th day of September, 2011.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE